**KIRKLAND & ELLIS, et al., Plaintiffs,**

v.

**Jose Maria RUIZ–MATEOS,
et al., Defendants.**

**Civil Action No. 92–829–LFO.**

United States District Court,
District of Columbia.

Aug. 6, 1996.

Kirkland & Ellis by James Basile, Charles Hunter Wiggins, Washington, DC, for Plaintiffs.

Andres & Kurth, L.L.P. by Douglas V. Rigler, Robert Lamkin, Washington, DC, for Defendant Rivero.

*MEMORANDUM*

OBERDORFER, District Judge.

I.

A Memorandum and Order dated April 25, 1996 granted judgment after a bench trial in favor of plaintiff Kirkland & Ellis on its claim for unpaid fees and disbursements billed to defendant Jose Maria Ruiz–Mateos through his nephew and representative, defendant Alfonso Baron Rivero. *See Kirkland & Ellis v. Ruiz–Mateos,* 923 F.Supp. 255 (D.D.C.1996). The legal fees at issue arose out of Kirkland's representation of Ruiz–Mateos in litigation concerning the Dry Sack Sherry

trademark. *See id.* The April 25 Memorandum and Order specifically found that Rivero had negligently misrepresented to Kirkland that Ruiz–Mateos could and would pay for Kirkland's legal fees. An issue remains as to the reasonableness of the $1.3 million in fees and disbursements billed by Kirkland to Ruiz–Mateos from 1986 to 1991, of which $569,252.04 remains outstanding. *See id.* at 260 n. 2. Kirkland claims that Rivero owes the full outstanding sum.

At trial on the damages issue, Kirkland introduced the testimony of Laurence R. Hefter, Esq., whom it had qualified as an expert on legal fees. Hefter, a partner at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., has considerable experience in the field of trademark litigation. After examining the papers filed in the underlying Dry Sack case, reviewing Kirkland's billing statements, and listening to the testimony of James M. Amend, the Kirkland partner who was lead counsel in that case, as he recounted the history of Kirkland's representation of Ruiz–Mateos, Hefter testified that he believed Kirkland's fees on the whole were reasonable. Hefter observed that the Dry Sack case was procedurally and substantively complex, involving issues of intervention, *res judicata,* and the constitutionality of Spain's expropriation laws. Indeed, between 1986 and 1991, Kirkland won an appeal in the D.C. Circuit on the issue of intervention, avoided summary judgment on the *res judicata* effect of a foreign judgment, and represented Ruiz–Mateos during a three-day bench trial before Judge June Green. Discovery was extremely costly, given that the relevant documents were located in Spain and were written in Spanish, requiring translation into English. Hefter also noted that Kirkland's opposing counsel, Willian, Brinks, Olds, Hofer, Gilson & Lione, P.C., a Chicago law firm specializing in patent and trademark law, was especially skilled and aggressive, which required Kirkland to put forth a similarly skilled and aggressive effort. Finally, as to Kirkland's billing rates and practices, Hefter stated that he found them to be consistent with law firms of comparable ability and reputation in the Washington, D.C. area.

On cross-examination, defense counsel pointed out several instances where Kirkland employees had billed large amounts of time to Ruiz–Mateos, including one instance where a Kirkland employee had billed twenty-four hours during a single day. Defense counsel asked whether such a billing item was reasonable or even possible. Hefter responded that it was his practice not to bill more than fifteen hours in one day, regardless of whether he had, in fact, worked more hours.

## II.

I find and conclude that, while Hefter's expert testimony was lacking in certain details, his testimony and the entire record nonetheless establish by a comfortable preponderance of the evidence that the rates at which Kirkland billed and the time devoted to the representation were reasonable, except in one particular. Hefter's testimony reflects his opinion that Kirkland's charges for more than fifteen hours in any one day were not reasonable. In light of that opinion, I find and conclude that $2,544, representing the several charges for time in excess of fifteen hours in one day, must be deducted from the claimed balance of $569,252.04. *See* Pl.'s Ex. 30 at 17, 18, 19, 21, 25, 26, 29, 30, 31.

In view of the foregoing, an accompanying Order enters judgment against Rivero and in favor of Kirkland in the amount of $566,-708.04 plus prejudgment interest at the rate of 6% per annum from February 19, 1991 to the date of payment. *See Kirkland & Ellis,* 923 F.Supp. at 263 & n. 6; *see also* D.C.Code Ann. § 28–3302(a) (1996).